## Pink Henderson v. The State.

### No. 3498. Decided March 14, 1906.

**Local Option—Evidence—Other Offenses—Maximum Penalty.**

Upon trial for a violation of the local option law, where the indictment was returned long prior to the conviction inquired about, it was error to permit the State's counsel to ask the defendant on cross-examination, that although he was tried and convicted the week before, he still ran his place wide open, which he answered in the affirmative; especially where the verdict assessed the maximum punishment. Distinguishing Henderson v. State, decided Dallas term, 1906, 49 Texas Crim. Rep.

Appeal from the County Court of Johnson. Tried below before the Hon. J. D. Goldsmith.

Appeal from a conviction of violation of the local option law; penalty, a fine of $100 and confinement of sixty days in the county jail.

The opinion states the case.

*Odell, Phillips & Johnson,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Conviction for violating the local option law, the punishment being fixed at a fine of $100 and sixty days confinement in the county jail.

By the third bill it is shown that while appellant was testifying in his own behalf, the county attorney on cross-examination, over the objection of appellant, propounded the following question: "Although you were tried and convicted last week, you still run your place wide open?" To which question appellant replied, he was still running his place open. This testimony was not admissible. This indictment was returned long prior to the conviction inquired about, and it could not have thrown any light upon this trial to have admitted such evidence. In view of the fact that the jury returned a verdict assessing the maximum punishment, it may be that this evidence injured his rights before the jury. In the former case (No. 3493, Pink Henderson v. State, decided at the present term) evidence of similar character was admissible to show the bona fides of the good faith of appellant in selling the intoxicant; but that decision shows notice of the intoxicating character was brought to the knowledge of appellant prior to the sale he was then being tried for. The fact that he had been convicted subsequent to the sale in this case, would not throw any light upon the sincerity of his belief in the non-intoxicating properties of the drink sold. This being true, the judgment is reversed and the cause remanded.

*Reversed and remanded.*